IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JAMES KOPJA,                              §
    TDCJ-CID NO. 531124,            §
                                    §
v.                                       §        C.A. NO. C-06-277
                                    §
NATHANIEL QUARTERMAN,                    §
    DIRECTOR, TDCJ-CID.             §

## MEMORANDUM AND RECOMMENDATION ON
## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is an inmate in the Texas Department of Criminal Justice,

Correctional Institutions Division ("TDCJ-CID"), and currently is incarcerated at

the McConnell Unit in Beeville, Texas.  Proceeding pro se, petitioner filed this

habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 29, 2006.  (D.E. 1).

On February 1, 2007, respondent filed a motion for summary judgment arguing

that petitioner has failed to demonstrate that he is entitled to habeas relief and that

the petition is time barred.  (D.E. 17).  For the reasons stated herein, it is

respectfully recommended that the respondent's motion for summary judgment be

granted.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner is incarcerated at the McConnell Unit in Beeville, Texas, and therefore, jurisdiction is proper in this Court.

## II.  BACKGROUND

Respondent has lawful custody of petitioner pursuant to a judgment of the 354th Judicial District Court of Rockwall County, Texas, in cause number 2-89-50, styled The State of Texas v. James Kevin Kopja.  Ex parte Kopja, App. No. WR-21,614-04, at 59-62.  A jury found him guilty of theft over $750.00 and sentenced him as a repeat offender to seventy-five years confinement in the TDCJ-CID.  Id. at 59.  He does not challenge his conviction, but instead challenges the calculation of his remaining sentence after his parole was revoked in 2002.

Petitioner began serving his seventy-five year sentence on September 13, 1989.  Id.  He received 163 days credit for time he was incarcerated prior to his conviction.  Id.  His incarceration began on April 4, 1989.  Id.  On July 10, 1995, the TDCJ Pardons and Paroles Division released him on parole.  (D.E. 11, Ex. A, at 2).  On August 1, 1995, he signed a copy of the "Rules and General Conditions of Parole Release As Provided by the Texas Department of Criminal Justice Pardons and Paroles Division, art. 42.18, C.C.P."  Id. at 3.  By signing the form, he agreed that:

> I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same.  I fully understand and agree that a violation of or refusal to comply with any of the conditions of Parole shall be sufficient cause for revocation of Parole; and I further understand that when a warrant or a summons is issued charging a violation of Parole rule [sic] or special conditions the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should such parole be continued, as provided by law (Article 42.18, Section 14, C.C.P.).  I understand and agree that while I am under Parole I am in the legal custody of the Texas Department of Criminal Justice Institutional Division subject to orders of the Pardons and Paroles Division and that I will receive credit on my sentence day for day (without commutation time).  I further understand and agree that in the event of revocation of this release on Parole, time spent on Parole will not be credited to my sentence.

Id. (emphasis added).  His "Certificate of Parole" also stated, in all capital letters, that "be it further known that any violation of such rules or conditions shall be sufficient cause for revocation of this parole, and that all time served on parole shall be forfeited."  Id. at 2.

In 1999, 2000, and 2002, petitioner violated the conditions of his parole by failing to report to his parole officer; by failing to obey municipal, county, state, and federal laws; and by failing to obtain permission before changing his residence.  Id. at 15.  Each time, TDCJ placed him in an Intermediate Sanction

3

Facility.  Id.  After his release from an Intermediate Sanction Facility in July 2002,

he again failed to comply with the conditions of his parole.  On September 19,

2002 and October 1, 2002, he failed to report to his parole officer.  (D.E. 11, Ex. A,

at 14).  On September 30, 2002, his parole officer determined that he had changed

his residence without permission.  Id.

On October 23, 2002, a warrant was issued for petitioner's arrest.  Id. at 4.

On October 31, 2002, he requested that a revocation hearing be held before his

parole could be revoked for the alleged violations.  Id. at 7.  Following a hearing,

on November 19, 2002, his parole was revoked.  Id. at 8.

Following his re-incarceration, petitioner received an "Inmate Timeslip,"

which indicated that his sentence expiration date is December 8, 2069.  (D.E. 1,

Ex. 2).  Before he was released on parole, his sentence would have expired in

2064.  He challenges TDCJ's method of calculating his sentence and asserts that it

is unconstitutional for TDCJ not to award him credit for the time he spent on

parole because during such time, he was in the custody of TDCJ-CID.  See (D.E.

1).  He argues that TDCJ has illegally lengthened his sentence.  Id. at 4.

Petitioner asserts that he submitted six "TDCJ Time Credit Dispute

Resolution Form[s]" with the "Time Sections Classification and Records

Headquarters of TDCJ," with the last form having been submitted in March 2004,

4

but that he received no response to his inquiries.  Id. at 13.  Neither party has submitted copies of his inquiries to this Court.

On January 25, 2005, he filed a state application for writ of habeas corpus. Ex parte Kopja, App. No. WR-21,614-03, at 46.  His application was filed with the 32nd Judicial District Court of Rockwall County, Texas on January 31, 2005.  Id. at 5.  On April 6, 2005, the Texas Court of Criminal Appeals received his writ.  Id. at cover page.  On June 15, 2005, the Texas Court of Criminal Appeals dismissed his application for noncompliance and requested that the trial court clerk send a copy of the correct form to petitioner.  Id. at page before cover.  He argues that he was not aware of the court's dismissal of his application until March 13, 2006.  Ex parte Kopja, App. No. WR-21,614-03, Inmate Status Request.

On May 30, 2006, petitioner filed a second state application for habeas relief.  Ex parte Kopja, App. No. WR-21,614-04.  On June 7, 2006, the Texas Court of Criminal Appeals dismissed his second application without written order. Id. at cover.  He then filed this petition on June 29, 2006.  (D.E. 1, at 9).

### III.  PETITIONER'S ALLEGATIONS

Petitioner raises the following claims in his petition for habeas relief:

(1)    Texas Government Code § 508.283 is a violation of the constitutional prohibition regarding bills of attainder, (D.E. 1, at 14);

5

(2)     The denial of credit for time he spent on parole violates the separation of powers doctrine, id.;

(3)     The denial of credit for time he spent on parole violates his due process rights, id.; and

(4)     The denial of credit for time he spent on parole constitutes Double Jeopardy, id.

## IV.  EXHAUSTION OF STATE REMEDIES

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  Respondent does not dispute that petitioner exhausted his state court remedies before filing this petition.  (D.E. 17, at 4-5).

## V.  STANDARD OF REVIEW

**A.     Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.**

A federal writ of habeas corpus is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam).  Pursuant to the

6

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is

applicable to habeas petitions filed after its effective date, "federal habeas relief is

only merited where the state court decision is both incorrect *and* objectively

unreasonable." Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in

original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)); see also 28 U.S.C.

§ 2254(d)(1); Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002).  The

AEDPA's provisions "ensure that state-court convictions are given effect to the

extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation

omitted).

     The Supreme Court has concluded that the "contrary to" and "unreasonable

application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings.  Id. at

694 (citing Williams, 529 U.S. at 404-05).  The Bell Court explained:

> A federal court may issue the writ under the "contrary to"
> clause if the state court applies a rule different from the
> governing law set forth in our cases, or if it decides a
> case differently than we have done on a set of materially
> indistinguishable facts.  The court may grant relief under
> the "unreasonable application" clause if the state court
> correctly identifies the governing legal principles but
> unreasonably applies it to the facts of the particular case.
> The focus of the latter inquiry is on whether the state
> court's application of clearly established federal law is
> objectively unreasonable, and we stressed in *Williams*
> that an unreasonable application is different from an
> incorrect one.

7

Id. (citations omitted).

The Fifth Circuit has held that federal courts may not grant a writ of habeas corpus merely on the finding of an error by a state court, but rather only where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  A federal habeas court is to review only a state court's decision, and not the written opinion explaining its decision. Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003).  The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning." Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore, a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is only available if a state court decision is unreasonable. Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [that court] conclude[s] that the state court decision applies the correct legal rule to a given set

8

of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  The focus of the "unreasonable application" test of § 2254(d) is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam).

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)); see also Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998).  The presumption of correctness is accorded to adjudications made by a state court during review of a petitioner's state petition for habeas corpus relief.  See Morrow, 367 F.3d at 315.  The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair."  Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001)).  The presumption of correctness also applies to mixed questions of law and fact.  Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact)

9

(citations omitted).  Findings of fact may be implied from conclusions of law.  <u>See</u>

<u>Goodwin v. Johnson</u>, 132 F.3d 162, 183-84 (5th Cir. 1997).

**B.      Motion for Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas

corpus cases.  <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000).  Summary

judgment is appropriate when there is no disputed issue of material fact, and one

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A court

must consider the record as a whole by reviewing all pleadings, depositions,

affidavits, and admissions on file, and by drawing all reasonable inferences in

favor of the party opposing the motion.  <u>Caboni v. Gen. Motors Corp.</u>, 278 F.3d

448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing

the court of the basis for its motion and identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Williams v. Adams</u>, 836 F.2d

958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light

most favorable to the non-movant, and all reasonable doubts must be resolved

against the moving party.  <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston , 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in the response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

## VI.  DISCUSSION

### A.    Application of the AEDPA's Deference.

The Texas courts have already considered and rejected petitioner's claims. Ex parte Kopja, App. No. WR-21,614-04, at cover.  The claims that petitioner is pursuing in this petition were raised in his state habeas corpus application.  Id. at 6-55; (D.E. 1, at 14-40).  The Texas Court of Criminal Appeals denied his state habeas application without written order.  Id. at cover.  This denial of petitioner's application, even though it does not contain a written opinion, is not silent or

11

ambiguous.  See Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits, while a "dismissal" signifies a disposition unrelated to the merits).  It is a decision on the merits and is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d); see also Miller v. Johnson, 200 F.3d 274, 281 (5th Cir. 2000) ("'Under Texas law a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim.'") (citation omitted).

Petitioner claims that the decision by the Texas Court of Criminal Appeals does not constitute an adjudication on the merits of his claim because the court denied his application within a week of its filing.  (D.E. 13, at 5-6).  He asserts that de novo review of his claims is appropriate because there has been no adjudication on the merits.  Id.  However, he does not explain why a timely and speedy adjudication of his claims does not constitute an adjudication on the merits.  The Fifth Circuit has formulated a test for determining whether a petitioner's claims were adjudicated on the merits: "(1) what the state courts have done in similar cases; (2) whether the case's history suggests that the state court recognized any ground for not resolving the case on the merits; and (3) whether the state courts' opinion suggests reliance on procedural grounds rather than an adjudication on the merits."  Miller, 200 F.3d at 281 (finding that denial by Texas Court of Criminal

Appeals constituted adjudication on the merits).  The Texas Court of Criminal

Appeals routinely denies habeas relief to applicants requesting "street time credit"

for time spent on supervised release prior to the issuance of a warrant that initiates

the parole revocation process.  See, e.g., Ex parte Lee, __ S.W.3d __, 2006 WL

3302868 at *1 (Tex. Crim. App. Nov. 15, 2006) (per curiam); Ex parte Keller, 173

S.W.3d 492, 494 (Tex. Crim. App. 2005) (en banc).  In addition, there is no

indication that the state court recognized any ground for not resolving petitioner's

claims on the merits.  Finally, the Fifth Circuit has recognized that the state courts'

denial of petitioner's application constitutes an adjudication on the merits.  See

Miller, 200 F.3d at 281.

        Thus, deference to the state court decision is mandated by § 2254(d).  See

Morrow, 367 F.3d at 313.  Petitioner is not entitled to federal habeas relief unless

he can demonstrate that the state court's adjudication of his claims was "contrary

to, or involved an unreasonable application, of clearly established federal law" or

was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

**B.      Petitioner's Claims Are Time Barred.**

        **1.      Statute of Limitations Pursuant to the AEDPA.**

        The AEDPA provides a one-year statute of limitations for state prisoners to

challenge a conviction by the filing of a federal petition for habeas corpus relief.

Prieto v. Quarterman, 456 F.3d 511, 514 (5th Cir. 2006) (citing 28 U.S.C.

§ 2241(d)).  A petitioner has one year from the date his conviction becomes final to

file his federal petition for habeas relief.  Id.  A properly filed state application for

post-conviction relief tolls the AEDPA period of limitations for the entire time the

state application is pending.  Id.  A state application for post-conviction relief is

"'*properly*' filed when its delivery and acceptance are in compliance with the

applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8

(2000) (italics in original).  A state application for post-conviction relief is pending

"until the application has achieved final resolution through the State's post-

conviction procedures."  Carey v. Saffold, 536 U.S. 214, 220 (2002).  While a state

application for post-conviction relief generally tolls the AEDPA limitations period,

a state application for habeas relief that is not filed within the federal limitations

period does not toll the limitations period under § 2244(d)(2).  Scott v. Johnson,

227 F.3d 260, 263 (5th Cir. 2000).

    Under "rare and exceptional circumstances," equitable tolling may also

apply pursuant to the AEDPA.  In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006)

(per curiam) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)).

Equitable tolling may only apply "'where it is necessary to preserve a plaintiff's

claims when strict application of the statute of limitations would be inequitable.'"

Id. (quoting Fierro, 294 F.3d at 682).  Petitioner's failure to comply with the

AEDPA's statute of limitations must result from "an extraordinary factor beyond

the plaintiff's control" that prevents filing on time.  Felder v. Johnson, 204 F.3d

168, 174 (5th Cir. 2000).  Ignorance of the law is insufficient to warrant equitable

tolling, even for a pro se petitioner.  See Fisher v. Johnson, 174 F.3d 710, 714 (5th

Cir. 1999).

## 2. Petitioner Failed to Comply With the AEDPA's Limitations Period.

Petitioner did not file his first state application for habeas relief until nearly

26 months after his parole was revoked, and he was re-incarcerated.  Ex parte

Kopja, App. No. WR-21,614-03.  Furthermore, he did not file this petition until

June 29, 2006 – nearly four years after his parole was revoked.  (D.E. 1, at 9).

Petitioner has not provided this Court with any copies of the six time credit

disputes he alleges to have filed with the TDCJ.  However, his second state habeas

application contains a letter dated August 5, 2003 addressed to the TDCJ Time

Calculations Office, in which he requested credit for the time he spent on parole.

Ex parte Kopja, App. No. WR-21,614-04, at 54.  Petitioner's first state habeas

application contains a letter dated September 9, 2003, in which he requested copies

of "documents on Parole revocation process; current policies/legislative acts

regarding street time credit."  Id. at 55.  In this September 9, 2003 letter, he further

15

indicated, "I am researching and preparing a Writ challenging the policies

assessing time for street time on parole."  Id.  He alleges that he filed his last

dispute with TDCJ in March 2004.  (D.E. 1, at 13).

Even taking petitioner's allegations that he filed six time credit disputes with

TDCJ as true, he has failed to demonstrate that such filings tolled the AEDPA's

statutory limitations period.  His parole was revoked on November 19, 2002.  (D.E.

11, Ex. A, at 18).  The AEDPA provides that the one-year period of limitation runs

from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State
> action;
>
> (C) the date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if the
> right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The one-year limitation period applicable to petitioner's

claims began to run on the date when the factual predicate of the claims presented

could have been discovered by petitioner.  28 U.S.C. § 2244(d)(1)(D).  Thus, the

information concerning his claims was discoverable no later than November 19,

2002, the date his parole was revoked.

The AEDPA's first possible starting date for the one-year limitations period

cannot apply to petitioner's challenge of a state parole revocation because that "is

not part of a criminal prosecution," but is instead an administrative proceeding

"traditionally handled by administrative officers."  Morrissey v. Brewer, 408 U.S.

471, 480, 486 (1972).  "Parole arises after the end of the criminal prosecution,

including the imposition of sentence."  Id. at 480.  The judgment in petitioner's

criminal case became final in 1989, but his parole was not revoked until nearly

thirteen years later, in 2002.

Petitioner does not assert a constitutional right that has been newly

recognized by the Supreme Court and made applicable to his case.  Instead, he

asserts that the state created an impediment to filing by not notifying him that his

first state habeas application challenging the parole revocation was dismissed for

noncompliance.  (D.E. 13, at 3).  However, the state did not prevent petitioner from

filing a federal habeas petition.  Indeed, he waited nearly a year after filing his state

habeas application to check the status of the application.  Ex parte Kopja, App. No.

17

WR-21,614-03, Inmate Status Request.  Moreover, the Fifth Circuit has determined that an inmate's ignorance of the law or failure to receive a notice does not constitute an impediment to filing a federal habeas petition.  See Cousin v. Lensing, 310 F.3d 843, 848-49 (5th Cir. 2002).

Petitioner had been warned in 1995, when he was released to parole, that any violation of his parole conditions could result in its revocation.  (D.E. 11, Ex. A, at 3).  In 2002, when his parole was revoked, he was aware of both the statute that was in effect when he was released on parole, which he now challenges, as well as the factual predicate of his claims.  Therefore, the applicable triggering event for a challenge to his parole revocation is the date of the revocation itself.  See, e.g., Redd v. McGrath, 343 F.3d 1077, 1084-85 (9th Cir. 2003) (holding that pursuant to § 2244(d)(1)(D) the limitations period began running the day after the state parole board's decision denying parole); Wade v. Robinson, 327 F.3d 328, 332-33 (4th Cir. 2003) (holding petitioner's habeas claims accrued when state parole board's decision to revoke his parole became final).

Without statutory tolling, given that petitioner's parole revocation was on November 19, 2002, he had until November 19, 2003 to file a federal habeas petition.  However, Texas law provides that an inmate who files an administrative time credit dispute may file a state habeas application 180 days after he first alleges

18

the error, if he does not receive a written decision regarding the dispute.  Tex.

Gov't Code § 501.0081.  Accepting petitioner's argument that he filed six time

credit disputes as true, he is entitled to 180 days of statutory tolling.  Thus, his state

application for habeas relief should have been filed by May 17, 2004 in order to

toll the AEDPA's limitations period.  However, petitioner did not file a state

habeas application to challenge the parole revocation until January 25, 2005.  Ex

parte Kopja, App. No. WR-21,614-03, at 7.  Thus, his state habeas application did

not toll the AEDPA's limitations period, which had already expired.  See Scott,

227 F.3d at 263.

### 3.    Petitioner Has Not Shown He is Entitled to Equitable Tolling of the Limitations Period.

Petitioner contends that he is entitled to tolling of the limitations period

because he filed six administrative time credit disputes, to which he received no

response, before filing a state habeas application, and then was never informed that

his state habeas application had been dismissed for noncompliance.  (D.E. 13, at 2-

3).  He contends that the 180-day statutory waiting period before he could file a

state habeas application should not have run until after he submitted his last time

dispute in March 2004.  Id. at 2.

Texas law provides a remedy for inmates who do not receive a written

response to time credit disputes by providing that they may file a state habeas

application 180 days after filing the administrative dispute.  Tex. Gov't Code
§ 501.0081.  While petitioner may have been unaware of the law, his ignorance
does not excuse his failure to timely file his state habeas application, and hence, his
federal habeas petition.  Fisher, 174 F.3d at 714.  He has not presented this Court
with any evidence that there was an extraordinary factor, beyond his control, which
prevented his filing on time.  Instead, he argues that the state failed to inform him
of the dismissal of his first state habeas application that challenged the parole
revocation.  However, even had he received immediate notification of the
dismissal, his first state habeas application was still filed over 250 days after the
AEDPA's limitations period expired.  Petitioner has presented no valid explanation
why his federal habeas petition was not filed within the one-year limitations period
provided by the AEDPA.

It is respectfully recommended that petitioner has failed to demonstrate that
he is entitled to equitable tolling of the limitations period, and it is further
respectfully recommended that his claims are time barred pursuant to the AEDPA.
Nevertheless, this Court may also deny petitioner's claims on their merits.  28
U.S.C. § 2254(b)(2).

**C.**     **Petitioner Has Failed to Prove He Is Entitled to Habeas Relief.**

All of petitioner's claims rely upon his assertion that the Texas statute (in effect at the time of his parole) that provides that an inmate whose parole is revoked will not receive credit towards his sentence for time spent on parole is unconstitutional.  See (D.E. 1).  As a preliminary matter, the Fifth Circuit has explained that an argument disputing the denial of credit for time a petitioner spent on parole is without merit.  Morrison v. Johnson, 106 F.3d 127, 129 n.1 (5th Cir. 1997) (per curiam); see also Ferguson v. La. Dep't of Pub. Safety & Corr. Bd. of Parole, No. 06-30233, 2007 WL 557599 (5th Cir. Feb. 15, 2007) (per curiam) (unpublished) ("There is no federal constitutional right to the reduction of a sentence of a parole violator for time spent on parole.").  When parole is revoked, the defendant may be required to serve the remaining portion of the sentence on which he was released, and that portion is to be calculated without any credit for the time from release to revocation.  Id. (citing Tex. Code Crim. Proc. Ann. art. 42.18 § 14(a); Cortinas v. U.S. Parole Comm'n, 938 F.2d 43, 47 (5th Cir. 1991) (per curiam) (rejecting a challenge to a similar federal statute)).

**1.**     **Petitioner's Bill of Attainder Claim is Without Merit.**

Petitioner asserts that the enactment of Texas Government Code § 508.283 by the Texas legislature constitutes a bill of attainder because it extends his

sentence without a judicial trial.  (D.E. 1, at 24-34).

The United States Constitution bars bills of attainder.  U.S. Const. art. I, § 9, cl. 3.  The Supreme Court has explained that a bill of attainder is "'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'"  Selective Serv. Sys. v. Minn. Pub. Interest Research Group, 468 U.S. 841, 846-47 (1984) (citations omitted); accord Paradissiotis v. Rubin, 171 F.3d 983, 989 (5th Cir. 1999); Canfield Aviation Inc. v. Nat'l Transp. Safety Bd., 854 F.2d 745, 748 n.4 (5th Cir. 1988).  Three requirements must be met for a bill of attainder to be present:  (1) specification of the affected person or persons, (2) punishment, and (3) lack of a judicial trial.  Selective Serv. Sys., 468 U.S. at 847.

Petitioner cannot succeed on his claim because he cannot show that the Texas legislature intended to deprive him of his liberty without a judicial trial when it passed Texas Government Code § 508.823.  He was accorded a hearing before parole revocation.  Petitioner has also failed to show that the statute constitutes a bill of attainder because he is not an identifiable individual under the statute, which is neutrally applied to parolees in Texas.

Furthermore, petitioner has failed to show that the state court's adjudication of this claim was unreasonable or contrary to federal law.  It is respectfully

recommended that petitioner is not entitled to federal habeas corpus relief on his claim that the Texas Government Code § 508.283 constitutes a bill of attainder.

### 2.     Petitioner's Separation of Powers Claim is Without Merit.

Petitioner claims that TDCJ's denial of credit towards his sentence for time he spent on parole violates the separation of powers doctrine.  (D.E. 1, at 35-37). He argues that Texas Government Code § 508.283 violates the separation of powers doctrine "by allowing the legislature, a separate branch and division of the State of Texas, along with TDCJ, an administrative agent of the Executive Branch of Texas, the power to modify and change a final judgement [sic] of the judicial branch of Texas, by stripping a person of calendar time legally served in the confinement of TDCJ...."  Id. at 35.

The Fifth Circuit has observed that the federal doctrine of separation of powers has never been incorporated and is not enforced against the states.  Attwell v. Nichols, 608 F.2d 228, 230 (5th Cir. 1979) (per curiam); see also Chromiak v. Field, 406 F.2d 502, 505 (9th Cir. 1969) ("The federal constitutional doctrine of separation of judicial and executive powers applies only to the operation of the federal government and is not binding upon the states.").  Thus, even if the laws of Texas violated the doctrine of separation of powers, this would be a matter only of state law, not federal law, and would not merit federal habeas corpus relief.

23

Moreover, he has not shown that the state court's adjudication of this claim was unreasonable or contrary to federal law.

It is respectfully recommended that petitioner's claim that Texas Government Code § 508.283 violates the separation of powers doctrine does not entitle him to habeas relief.

### 3.    Petitioner's Denial of Credit Claim is Without Merit.

Petitioner contends that the denial of credit for time he spent on parole violates his due process rights by unlawfully extending his sentence, and by forcing him to serve 25 percent of his sentence before he may once again be eligible for parole.  (D.E. 1, 37-38).  He claims that TDCJ has added time onto the sentence that he received from the state court.  Id.

Petitioner's argument is without merit.  TDCJ officials did not add time onto his sentence, but computed the time that he served in accordance with Texas law, which provides that he cannot receive credit for the time he spent on parole that is later revoked.  See Texas Gov't Code § 508.283.  The Fifth Circuit has upheld this method of calculating a defendant's sentence.  See Morrison, 106 F.3d at 129 n.1; see also Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001) (pursuant to § 508.283, the Board of Pardons and Paroles may disregard time a prisoner spends on parole or mandatory supervision).  Petitioner still has a 75-year sentence;

however, he must accumulate time credits in a lawful manner.  In addition, he has not shown that the state court's adjudication of this claim was unreasonable or contrary to federal law.

It is respectfully recommended that petitioner's claim that the denial of credit toward his sentence for time he spent on parole violates his due process rights is without merit.

### 4.    Petitioner's Double Jeopardy Claim is Without Merit.

Petitioner argues that the TDCJ's denial of credit towards his sentence for the time he was on parole constitutes double jeopardy because "this act violates the multiple punishment doctrine of the double jeopardy clause."  (D.E. 1-2, at 1).

The Fifth Circuit has long recognized that time spent on parole or mandatory supervision that is subsequently revoked is not counted toward the defendant's sentence.  Thompson, 263 F.3d at 426; Starnes v. Connett, 464 F.2d 524, 524 (5th Cir. 1972) (per curiam) (citations omitted); Betts v. Beto, 424 F.2d 1299, 1300 (5th Cir. 1970) (per curiam).  Indeed, the Fifth Circuit has upheld the very provision petitioner challenges.  See Morrison, 106 F.3d at 129 n.1.  The Fifth Circuit has declined to extend double jeopardy protections to parole revocation proceedings. Parr v. Quarterman, 472 F.3d 245, 254 (5th Cir. 2006); Cortinas, 938 F.2d at 46-47.  Finally, petitioner has failed to show that the state court's adjudication of this

25

claim was unreasonable or contrary to federal law.

It is respectfully recommended that petitioner's claim that TDCJ's refusal to award him credit toward his sentence for time spent on parole constitutes double jeopardy is without merit.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of

26

the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a

certificate of appealability as to his claims.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 17), be granted, and that petitioner's petition for writ of habeas corpus be dismissed with prejudice.  It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 25th day of April 2007.

_____

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).